Filed 04/22/24

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT  05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-04110

---

**George Woods, Jr. v State of Vermont**

---

## ENTRY REGARDING MOTION

Title:         Motion for Summary Judgment; Document(s) Filed Amended ; Addendum to State's Reply to Defendant's "Motion to Entry Order Response" (Motion: 5; )
Filer:         Maria L. Byford; Maria L. Byford
Filed Date:    January 15, 2024; April 08, 2024

The motion is GRANTED.

The present post-conviction relief petition concerns approximately 11 issues that Petitioner Woods has raised in challenge to his underlying criminal convictions.  Respondent State of Vermont has filed a motion for summary judgment seeking dismissal of all 11 claims.

In the Court's prior Order issued on March 4, 2024, the Court granted partial summary judgment to the State on issues 1 through 7 under the successive petition doctrine, but it denied summary judgment at the time to the following issues: (8) failure by counsel to pursue dismissal of a violation of probation in August of 2018; (9) imposition of additional conditions at the March 12, 2019 hearing on probation violation, including no contact with Petitioner's spouse; (10) issues with the Department of Corrections record keeping for time served; and (11) issues with his revocation of furlough in April 2020.

On March 21, 2024, Petitioner Woods filed a response to the Court's March 4th Entry Order, stating that he did not wish to pursue any claims regarding issues (8), (9), or (11).  Since Petitioner has expressed a clear desire to focus solely on issue (10), the calculation of his sentence, the Court **Dismisses** issues (8), (9), and (11), and **Grants** the State's renewed motion for summary judgment on these issues as embodied in its March 28, 2024 filing.

Subsequent to these intermediate filings and clarifications, Petitioner Woods sought an expedited hearing on his remaining claim.  The Court set this matter for a hearing on May 16,

2024. At the same time, the Court has expressed some doubt as to whether Petitioner's calculation of sentence is truly a post-conviction relief matter or should be addressed either in the criminal division or as an administrative appeal under V.R.C.P. 75. The Court originally permitted this issue to proceed under the doctrine of habeas corpus[1] as articulated by the Vermont Supreme Court. In *Shuttle v. Patrissi*, the Vermont Supreme Court held that habeas corpus and its post-judgment form, known as the petition for post-conviction relief, is an action of last resort and may support a claim that would normally be a Rule 75 if there were no other avenues to review or be heard upon such claims. 158 Vt. 127, 132 (1992). At the same time, habeas and PCR petitions are not vehicles for collateral attacks or opportunities for a second-chance at parallel proceeding. Id. at 131–32. "We limit the availability of habeas corpus review as we strive to keep it safe from abuse. A habeas writ, intended to be a quick and summary proceeding for relief from illegal imprisonment, does not generally provide a substitute for appellate review." Id. at 131.

Since the Court's March 4, 2024 decision, the criminal division of the Orleans Superior Court has taken jurisdiction of the sentencing issues, pursuant to parallel filings that Petitioner Woods has made in his underlying criminal dockets raising the same sentencing issues as he has sought to raise in the immediate proceeding. On March 29, 2024, the criminal division issued a decision in Docket 107-3-15 Oscr, in which it took a holistic review of Petitioner's present sentence and contemporary calculations on what portions of these pending sentences remain. Based on its review, the criminal division determined that any mistakes associated with Petitioner's sentencing have been corrected, and the current sentence as reported by the Department of Corrections is accurate.[2]

Based on the actions of the criminal division, which are consistent with its authority under 13 V.S.A. §§ 7131–7133, the review of Petitioner's sentence has occurred, and the determination of the criminal division controls.

---

[1] As noted in *Shuttle*, PCRs are a form of habeas petition. *Shuttle v. Patrissi*, 158 Vt. 127, 130 n.1 (1993)

[2] The State brought this decision to the Court's attention, and the Court issued an Entry Order giving both Petitioner and Respondent additional time to reply to this new information. As of April 22, 2024, no further filings addressing the criminal division's entry order and ruling on the validity of Petitioner's sentence as calculated by the Department of Corrections has been filed.

Based on this concurrent process, the Court finds itself divested of jurisdiction to review Petitioner's sentencing because the criminal division has taken up the issue in parallel, and it has made a ruling. For this Court to engage in review at this point would amount to a collateral review of the criminal division and would put the civil division in the position of acting as an appellate body to the criminal division. Such outcomes are precisely the type of process that are not allowed under either a habeas or PCR petition. *Shuttle*, 158 Vt. at 131. Making such a review and ruling, regardless of the outcome, would exceed this Court's jurisdictional authority under 13 V.S.A. § 7131.

For these reasons, the Court **Dismisses** Petitioner Wood's sole remaining issue (10), seeking to challenge his sentencing computation. This challenge has already been addressed to the criminal division, and Petitioner's right to challenge that Court's review and determination that the Department of Corrections' calculations are correct, lies with the Vermont Supreme Court, not the civil division.

## ORDER

Based on the forgoing, and the Court's March 4, 2024 Entry Order, the State's Motion and Amended Motion for Summary Judgment are **Granted** and Petitioner's PCR is **Dismissed** as a matter of law. With this decision, the present petition is dismissed, and the May 16, 2024 hearing is **Cancelled.** Any other pending motion is **Denied** as moot, and the present matter is closed.

Electronically signed on 4/22/2024 11:14 AM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge